

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,822-01

**EX PARTE RENE A. MENDOZA, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 18-00578-A IN THE 18TH DISTRICT COURT
### FROM SOMERVELL COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to ten years' imprisonment, probated for ten years, and 120 days in the Somervell County jail.

Applicant alleges that he should not have been convicted of a third-degree felony because he was found not guilty of one of the jurisdictional offenses alleged in the indictment, making this offense a Class A misdemeanor. The cause number in which he was acquitted, MA9859616, is not set out in the second jurisdictional paragraph of the indictment, and the cause number that is alleged

in that paragraph, MB9540988, names a female as the defendant.

On July 16, 2014, the trial court found that no controverted, previously unresolved issues of fact material to the legality of applicant's confinement existed and recommended that relief be denied. The trial court's findings do not fully address all fact issues necessary to the resolution of the claims that Applicant has raised. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to applicant's claim that the indictment does not support a finding of guilt for a third-degree felony. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:  September 17, 2014
Do not publish